**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK HOFFMAN,** individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No. 1:25-cv-06107 |
| *v.* | |
| **BCI ACRYLIC, LLC D/B/A BATH PLANET** | |
| **and** | |
| **NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE** | |
| *Defendants.* | |

**DEFENDANT BCI ACRYLIC LLC D/B/A BATH PLANET'S**
**ANSWER TO CLASS ACTION COMPLAINT**

Defendant BCI Acrylic, LLC, k/n/a Bath Concepts Industries, LLC d/b/a Bath Planet ("Bath Concepts") hereby answers Plaintiff Mark Hoffman's ("Plaintiff" or "Mr. Hoffman") Complaint as follows[1]:

**Preliminary Statement**

1.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:**     Bath Concepts admits that Congress passed the Telephone Consumer Protection Act of 1991 and that this law is codified at 47 U.S.C. § 227. Bath Concepts further states that the statute speaks for itself and denies any allegations that are inconsistent with the text of the

---

[1] BCI Acrylic, LLC is now known as Bath Concepts Industries, LLC (herein after "Bath Concepts").

MBF\892275\0002\41183710.v1-7/30/25

statute.  Bath Concepts denies the remaining allegations of paragraph 1.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** Bath Concepts admits that Congress passed the Telephone Consumer Protection Act of 1991 and that this law is codified at 47 U.S.C. § 227.  Bath Concepts further admits that 16 C.F.R. § 310.1-.9 contains various rules adopted pursuant to the Telephone Consumer Protection Act of 1991.  Bath Concepts further states that the statute and rules speak for themselves and denies any allegations that are inconsistent with the text of the statute or the text of the rules. Bath Concepts denies the remaining allegations of paragraph 2.

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Bath Planet violated the TCPA by sending telemarketing text messages and calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

**ANSWER:** Bath Concepts admits that Plaintiff has alleged a violation of the Telephone Consumer Protection Act.  Bath Concepts denies the remaining allegations of paragraph 3.

## PARTIES

4. Plaintiff Mark Hoffman is an individual.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.  Bath Concepts affirmatively alleges that it has no idea

2

who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

5.     Defendant BCI Acrylic, LLC d/b/a Bath Planet, is an Illinois manufacturer of engineered bathroom systems, such as walk-in showers, tubs, and the like. Bath Planet is a franchisor that sells its products and services through franchisees like Defendant Bath Planet Seattle.

**ANSWER:**  Bath Concepts denies that it is a franchisor and/or that sells its products through franchisees.  Bath Concepts denies that it sells services.  Bath Concepts denies that Bath Planet Seattle is a franchisee of Bath Concepts.  Bath Concepts admits that it is a manufacturer of various bathroom systems and products.

6.     Defendant Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is a Washington State-based franchisee of Bath Planet that sells Bath Planet's goods and services.

**ANSWER:**  Bath Concepts denies that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is a franchisee of Bath Concepts.  Bath Concepts admits that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle has sold certain products manufactured by Bath Concepts.

## JURISDICTION AND VENUE

7.     This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims.

**ANSWER:**  The allegations of paragraph 7 are legal conclusions to which no answer is required. To the extent the court believes an answer is required, Bath Concepts denies the allegations of paragraph 7.

8.     This Court has general personal jurisdiction over Bath Planet because the company has its headquarters and principal place of business in this District. This Court has specific jurisdiction over Bath Planet Seattle because it is a franchisee of an Illinois-corporation, which such franchise agreement, upon information and belief, contains Illinois choices of law and forum.

**ANSWER:**  The allegations of paragraph 8 are legal conclusions to which no answer is required.  To the extent the court believes an answer is required, Bath Concepts admits its headquarters is located in this District and denies the remaining allegations of paragraph 8.  Bath

MBF\892275\0002\41183710.v1-7/30/25

Concepts specifically denies that Bath Planet Seattle is its franchisee.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the telemarketing at issue here, the sending and orchestration of the illegal calls to sell products manufactured in this District, occurred in this District.

**ANSWER:**   Bath Concepts denies the allegations of paragraph 9 and asserts that venue is not appropriate in this District.  Bath Concepts specifically denies that any telemarketing efforts involving Mark Hoffman occurred in this District.  Bath Concepts asserts that has no idea who Mark Hoffman is and that it has never had any interactions with Mark Hoffman.  Bath Concepts further alleges that Plaintiff has alleged in this Complaint that he is a resident of the State of Washington.

## BACKGROUND

10.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:**   Bath Concepts answers that the statute speaks for itself and denies any allegations inconsistent with the text of the statute.

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:**   Bath Concepts answers that the rule speaks for itself and denies any allegations inconsistent with the text of the rule.

12.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:**   Bath Concepts answers that the rule speaks for itself and denies any allegations inconsistent with the text of the rule.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:**   Bath Concepts answers that the statute and rules speak for themselves and

4

denies any allegations inconsistent with the text of the statute and/or the rules.

14.     The TCPA and its implementing regulations require that "any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4).

**ANSWER:**   Bath Concepts answers that the statute and rules speak for themselves and denies any allegations inconsistent with the text of the statute and/or the rules.

## FACTUAL ALLEGATIONS

15.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**  Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.  Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

16.     At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the messages at issue.

**ANSWER:**  Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.  Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

17.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

**ANSWER:**  Bath Concepts admits that text messages are covered by the TCPA.

18.     Plaintiff's telephone number, 206-XXX-XXXX, is a residential, non-commercial telephone number.

**ANSWER:**  Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.  Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named

5

Mark Hoffman.

19.     The telephone number is assigned to a cellular telephone service.

**ANSWER:**  Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.  Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

20.     The 206 Area Code is associated with the State of Washington.

**ANSWER:**  Bath Concepts admits that the 206 Area Code is associated with the State of Washington.

21.     The Plaintiff is a Washington resident.

**ANSWER:**  Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.  Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

22.     It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060. 62.

**ANSWER:**  Bath Concepts asserts that the Washington CEMA speaks for itself and denies any allegations that are inconsistent with the text of the statute.

23.     "'Commercial electronic text message' means an electronic text message sent to promote real property, goods, or services for sale or lease." *Id.*

**ANSWER:**  Bath Concepts asserts that the Washington CEMA speaks for itself and denies any allegations that are inconsistent with the text of the statute.

24.     A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, et seq. RCW 19.190.100; *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1154-55 (Wash. 2017).

**ANSWER:**     Bath Concepts answers that the allegations of paragraph 24 are legal

6

conclusions to which no answer is required. To the extent the court believes an answer is required, Bath Concepts denies the allegations of paragraph 24.

25.     Mr. Hoffman uses the number for personal, residential, and household reasons.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25. Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

26.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26. Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

27.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2007.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27. Bath Concepts affirmatively alleges that it has no idea who Mark Hoffman is and that it has never had any interactions of any nature with anyone named Mark Hoffman.

28.     Plaintiff has never been a customer of Bath Planet.

**ANSWER:** Bath Concepts objects to Plaintiff's attempt to use the defined term "Bath Planet" to encompass two separate legal entities and to treat them as if they were a single actor. Bath Concepts does not control the actions of Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle and has no knowledge of any relationship between Plaintiff and Northwest Bath Specialists,

LLC d/b/a Bath Planet Seattle. Accordingly, Bath Concepts can and does answer only for itself. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has never been a customer of Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle. Bath Concepts admits that Plaintiff has never been a customer of Bath Concepts.

29. Despite this, the Plaintiff received at least 37 calls and text messages from either Bath Planet or Bath Planet Seattle between December 5, 2024 and present from the caller ID "253-246-7906".

**ANSWER:** Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

30. The Caller ID Name (CNAM) record for this caller ID is "Bath Planet."

**ANSWER:** Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle and lacks knowledge or information sufficient to form a belief as to the allegation that the Caller ID name associated with 253-246-7906 is Bath Planet.

31. The first call stated, "Hi there. This is Melissa with Bath Planet. I'm reaching out to follow up on your online inquiry for a complimentary quote. Don't miss out on this month's fantastic incentives and discounts. You can go ahead and give us a call back at 253-246-7906. Select option 1 to get that set up today."

**ANSWER:** Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

32. The Plaintiff did not call back. However, that very same day, the Plaintiff

8

received the following text message:

> Hi there! This is Melissa from Bath Planet here. I'm excited to follow up on your online inquiry for a complimentary quote. Don't miss out on this month's fantastic incentives and discounts! Give us a call at 253-246-7906 (select option 1) to get set up today!

**ANSWER:** Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

33. The Plaintiff continued to get calls and text messages from "Melissa from Bath Planet" in the ensuing days, several of which "Melissa" left identical or nearly identical voicemails.

**ANSWER:** Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

34. Finally, the Plaintiff spoke to "Melissa" on December 27, 2024. During this call, the Plaintiff asked for "Melissa's" identity, including her last name and why he was receiving illegal calls, to which "Melissa" responded that she worked for "Bath Planet" and that was their official legal name. "Melissa" would not provide her last name, which was also not provided in any other call.

**ANSWER:** Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

35. Upon information and belief, the aforementioned calls were calls placed by Bath Planet Seattle as part of its franchise relationship with Bath Planet.

**ANSWER:** Bath Concept denies that Bath Planet Seattle has a franchise relationship with

MBF\892275\0002\41183710.v1-7/30/25

Bath Concepts. Bath Concepts denies that it has ever called or texted Plaintiff. Bath Concepts further denies that the phone number 253-246-7906 is a phone number it uses or has access to use. Bath Concepts denies that any calls or texts made to Plaintiff were done as part of any relationship between Defendants. Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35 as to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

36.     For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**ANSWER:** Bath Concepts denies that any calls or texts allegedly made by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle were made on behalf of Bath Concepts or that it bears any responsibility for any actions allegedly taken by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

37.     In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

**ANSWER:** Bath Concepts denies that any calls or texts allegedly made by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle were made on behalf of Bath Concepts or that it bears any responsibility for any actions allegedly taken by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

38.     The FCC has instructed that sellers such as Bath Planet may not avoid liability by hiding behind third party franchisees, such Bath Planet Seattle:

[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent'

marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy." - *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

**ANSWER:** Bath Concepts denies that any calls or texts allegedly made by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle were made on behalf of Bath Concepts or that it bears any responsibility for any actions allegedly taken by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle. Bath Concepts denies that it has a franchise relationship with Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

39. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

**ANSWER:** Bath Concepts denies that any calls or texts allegedly made by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle were made on behalf of Bath Concepts or that it bears any responsibility for any actions allegedly taken by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle. Bath Concepts denies that it has a franchise relationship with Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle. Bath Concept further denies that it "contract[ed] out" any telephone marketing to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

40. In other words, the Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place telemarketing calls. *Id.* at 6587.

**ANSWER:** The allegations of paragraph 40 are little more than Plaintiff's legal conclusions and interpretations of FCC statements to which no response is required. To the extent the Court believes a response is required, Bath Concepts denies the allegations of paragraph 40.

41. Bath Planet hired, encouraged, permitted, and enjoyed the benefits of the widespread mass calling conduct by its franchisees, including Bath Planet Seattle.

**ANSWER:** Bath Concepts denies the allegations of paragraph 41 and asserts that Bath Planet Seattle is a sperate and independent legal entity that engages in its own business activities,

11

which are not controlled by Bath Concepts.

42.     Indeed, Bath Planet's own corporate website directs interested persons to contact Franchisees through that website and permits the ability for interested persons to submit their information to Bath Planet, which Bath Planet will then pass along to the selected local franchisee:

*Shower Installers of Seattle*, BATHPLANET
https://www.bathplanet.com/locator/4392.3388.bath- planet-of-seattle/



[https://archive.md/rQ8sQ].

**ANSWER:**  Bath Concepts denies that it has any franchisees and denies that the screenshot included in paragraph 42 says anything about franchisees.  Bath Concepts admits that its website includes a way for interested consumers to be connected with local sellers and installers of products manufactured by Bath Concepts.  Bath Concepts denies the remaining allegations of paragraph 42.

43.     Bath Planet is liable as a franchisor for Defendant Bath Planet Seattle's conduct and telemarketing calls placed by Bath Planet Seattle to sell and generate goods and services to be provided by both entities.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 43.

44.     Both Defendants sought a financial benefit from the calls placed to putative class members as both attempted to derive business from these calls: Bath Planet Seattle for installation services, and Bath Planet for goods (which Bath Planet would provide to Bath Planet Seattle for installation).

MBF\892275\0002\41183710.v1-7/30/25

**ANSWER:** Bath Concepts denies the allegations of paragraph 44.

45. Upon information and belief, Bath Planet Seattle is an *exclusive* franchisee and installer. That is to say that Bath Planet Seattle cannot install, for instance, a Kohler shower; it must only install Bath Planet's products, the same way a McDonalds cannot sell a Wendy's chicken nugget.

**ANSWER:** Bath Concepts denies the allegations of paragraph 45.

46. In other words, Bath Planet Seattle sells Bath Planet's goods and provides their own installation services under the Bath Planet name. In such a way, the relationship is a mutually beneficial agency relationship in that Bath Planet benefits from a nationwide reach of installers who install their products in a manner that they can tightly control, including by directing the preparation of construction sites in a manner most conducive to the products Bath Planet manufactures. In turn, Bath Planet Seattle relies on Bath Planet's name recognition, advertising strength, and nationwide and regionalized advertising and lead generation campaigns to grow its business.

**ANSWER:** Bath Concepts denies the allegations of paragraph 46.

47. Upon information and belief, Bath Planet also directs its franchisees to follow its installation and sales model, and provides franchisees with leads, including from its own website, which franchisees like Bath Planet Seattle will call. In such a way, Bath Planet retains control over marketing conducted in its own name.

**ANSWER:** Bath Concepts admits that it forwards leads generated on its website to installers in the geographic market identified by the interested consumer. Bath Concepts denies the remaining allegations of paragraph 47.

48. Bath Planet derives profit from and exercises control over its franchisees (including control of marketing), including franchisee Bath Planet Seattle.

**ANSWER:** Bath Concepts denies the allegations of paragraph 48. Bath Concepts denies that it has any franchisees. Bath Concept affirmatively alleges that it generates revenue from the sales of its products to installers, that it plays no role in the installers marketing efforts, and that it has no idea who the installers' customers are.

49. Furthermore, all the calls and messages which were sent identified "Bath Planet" and not "Bath Planet Seattle" or Northwest Bath Specialists as the caller and entity on whose behalf the caller was acting.

**ANSWER:** Bath Planet denies that it has authorized Northwest Bath Specialists, LLC d/b/a

13

Bath Planet Seattle to identify itself as "Bath Planet" in its marketing efforts or that any calls and texts to Plaintiff were made with Bath Concepts authorization or knowledge.

50.    Upon information and belief, such calls using and naming only "Bath Planet" were made consistently with Bath Planet's own guidelines, which prohibit Bath Planet Seattle from identifying itself under anything else other than the Bath Planet name.

**ANSWER:**  Bath Concept denies the allegations of paragraph 50.

51.    As such, Bath Planet controlled the content of Bath Planet Seattle's telemarketing.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 51.

52.    Accordingly, Bath Planet Seattle had actual and/or apparent authority to act on behalf of Bath Planet.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 52.

53.    Bath Planet acted as a principal to Bath Planet Seattle, who acted as Bath Planet's agent.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 53.

54.    Bath Planet is not permitted under the law to outsource and contract its way out of liability by directing and benefitting from Bath Planet Seattle's unlawful calls (or its own calls).

**ANSWER:**  Bath Concepts denies the allegations in paragraph 54. Specifically, Bath Concepts denies that has outsourced any activities, marketing, liability or the like to Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.  Bath Concepts also denies that it benefitted from any allegedly unlawful activity of Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle.

55.    Bath Planet is directly and/or vicariously liable under the TCPA as alleged in this Complaint as Bath Planet encouraged and benefitted from Bath Planet Seattle's violative conduct and/or oversaw or had the right to oversee the telemarketing calls at issue and/or placed the calls at issue, including by providing Bath Planet Seattle leads which Bath Planet Seattle would then call, and by not requiring Bath Planet Seattle and its other franchisees to identify themselves by full first and last name.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 55.

56.    Shortly after the Plaintiff received the calls at issue, he sent correspondence to Bath Planet, who disclaimed responsibility because it claimed it did not place the calls.

**ANSWER:**  Bath Concepts admits that it was made aware of allegations that Northwest

14

Bath Specialists, LLC d/b/a Bath Planet Seattle had made unsolicited calls and texts to Plaintiff and that it informed Plaintiff that Bath Concepts had not made any calls or sent any texts to Plaintiff.

57.     However, with full knowledge that Bath Planet Seattle was violating multiple parts of the TCPA, including identification requirements, Bath Planet did nothing.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 57.

58.     Bath Planet thus had full knowledge of Bath Planet Seattle's illegal conduct, including non-compliance with identification requirements, and did not terminate or discipline them, thus implicitly ratifying their actions and endorsing their illegal behavior.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 58.

59.     The aforementioned facts also demonstrate that Bath Planet failed to supervise Bath Planet Seattle or enforce their compliance with applicable laws and regulations, including inquiring of Bath Planet Seattle as to the calls they were placing on Bath Planet's behalf and ensuring that its franchisees were complying with the TCPA's other requirements, including the provision of a last name during telemarketing calls.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 59.  Bath Concepts specifically denies that it has any franchisees or that any calls or texts placed by Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle were made on behalf of Bath Concepts.

60.     Finally, Bath Planet could have terminated Bath Planet Seattle.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 60 because they rely on the false premise that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is Bath Concepts' franchisee.  It is not.

61.     It did not.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 61 because they rely on the false premise that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is Bath Concepts' franchisee.  It is not.

62.     By virtue of providing leads to Bath Planet Seattle, which Bath Planet Seattle would then call, and accepting the benefits of and directing the conduct of and other indicia of the calls at issue described above, Bath Planet directed Bath Planet Seattle, including as to the content, method, and criteria of the communications that Bath Planet Seattle would use in their calling.

MBF\892275\0002\41183710.v1-7/30/25

**ANSWER:** Bath Concepts denies the allegations of paragraph 62.

63. A reasonable franchisor like Bath Planet whose franchisees are making calls would investigate into the reasons why their franchisees would be calling telephone numbers on the Do Not Call Registry without consent using the Bath Planet name, let alone not following the TCPA's other requirements.

**ANSWER:** Bath Concepts denies it is a franchisor. It is not. Bath Concepts further denies the allegations of paragraph 63 because they are based on the false premise that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is Bath Concepts' franchisee. It is not.

64. It did not.

**ANSWER:** Bath Concepts denies it is a franchisor. It is not. Bath Concepts denies the allegations of paragraph 64 because they are based on the false premise that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is Bath Concepts' franchisee. It is not.

65. Bath Planet permitted Bath Planet Seattle to be its franchisee without a proper investigation and did not terminate them when they were informed of Bath Planet Seattle's illegal calling conduct.

**ANSWER:** Bath Concepts denies that it has any franchisees including Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle. Bath Concepts denies the allegations of paragraph 65 because they are based on the false premise that Northwest Bath Specialists, LLC d/b/a Bath Planet Seattle is Bath Concepts' franchisee. It is not.

66. As such, they knowingly ratified Bath Planet Seattle's conduct.

**ANSWER:** Bath Concepts denies the allegations of paragraph 66.

67. The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

**ANSWER:** Bath Concept denies the allegations of paragraph 67.

68. The text messages and calls were all made to sell Bath Planet's goods and Bath Planet Seattle's services.

16

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68. Bath Concept did not make the calls or texts that Plaintiff alleges he received and has no knowledge of them.

69. As explained above, during none of the calls or text messages did the telemarketer provide their last name or identify that they were calling from Bath Planet Seattle, thus violating the TCPA's prohibition against sending unidentified calls which do not name a specific sender or last name and the TCPA's identification requirements. 47 C.F.R. § 64.1200(d)(4).

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69.

70. The text messages were all sent to promote the Defendants' goods and services services, which were being offered to the Plaintiff for sale. They were therefore "commercial electronic text messages" under Washington law.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.

71. These text messages and calls all attempted to get the Plaintiff to purchase the Defendants' goods and services.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71.

72. The text messages and calls were unwanted.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 72.

73. The text messages and calls were nonconsensual encounters.

**ANSWER:** Bath Concepts lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 73.

74. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing text messages and calls, which violated the TCPA, and the Washington CEMA and CPA.

**ANSWER:** Bath Concepts denies the allegations of paragraph 74.

MBF\892275\0002\41183710.v1-7/30/25

75.     Plaintiff never provided his consent or requested the text messages or calls.

**ANSWER:**  Bath Concept denies the allegations of paragraph 75.

76.     Plaintiff and the Classes have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone message space, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 76.

## CLASS ACTION ALLEGATIONS

77.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:**  Bath Concepts realleges and incorporates its answers to all other paragraphs of the Complaint as if fully set forth herein.

78.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**TPCA Identification Class:** All persons in the United States who (1) received more than one telemarketing text message or call from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (2) within a 12-month period, (3), which such text message or call did not provide the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Washington CEMA Class:** All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendants encouraging the purchase of Bath Planet's goods or a Bath Planet Franchisee's services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

18

**ANSWER:** Bath Concept admits that Plaintiff has styled his Complaint as a class action.

Bath Concepts denies that class certification is appropriate or that the proposed class definitions

are workable or ascertainable.

79. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records, or those of their agents.

**ANSWER:** Bath Concepts denies the allegations of paragraph 79.

80. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

**ANSWER:** Bath Concepts denies the allegations of paragraph 80.

81. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

**ANSWER:** Bath Concepts denies the allegations of paragraph 81.

82. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

    a. Whether Defendants obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

    b. Whether Defendants has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

    c. Whether Defendants sent text messages or calls without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

    d. The number of text messages Defendants sent to Washington residents' cell phones or pagers;

    e. The corresponding degrees of direct and/or vicarious liability as between the Defendants and among themselves;

    f. Whether Defendants should be held liable for violations committed on their behalf, if any; and

    g. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under

47 U.S.C. § 227(c)(5).

**ANSWER:** Bath Concepts denies the allegations of paragraph 82.

83. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

**ANSWER:** Bath Concepts denies the allegations of paragraph 83.

84. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

**ANSWER:** Bath Concepts denies the allegations of paragraph 84.

85. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** Bath Concepts denies the allegations of paragraph 85.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

86. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Bath Concepts realleges and incorporates its answers to all other paragraphs of the Complaint as if fully set forth herein.

87. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

20

**ANSWER:** Bath Concepts states that the allegations of paragraph 87 are legal conclusions to which no response is required. Bath Concept further states that the cited rule speaks for itself and denies all allegations that are inconsistent with the text of the rule. To the extent a further answer is required, Bath Concepts denies the allegations of paragraph 87.

88.     Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls and/or text messages to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

**ANSWER:** Bath Concepts denies the allegations of paragraph 88.

89.     These violations were willful or knowing.

**ANSWER:** Bath Concepts denies the allegations of paragraph 89.

90.     As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Bath Concepts denies the allegations of paragraph 90.

91.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Bath Concepts denies the allegations of paragraph 91.

### Count 2
### Violations of the TCPA, C.F.R. § 64.1200(d)(4)
### (On Behalf of Plaintiff and the TCPA Identification Class)

92.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Bath Concepts realleges and incorporates its answers to all other paragraphs of the Complaint as if fully set forth herein.

93.     It is a violation of the TCPA to initiate any call for telemarketing purposes without providing the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. 47 C.F.R. 64.1200(d)(4).

21

**ANSWER:** Bath Concepts states that the allegations of paragraph 93 are legal conclusions to which no response is required. Bath Concept further states that the cited rule speaks for itself and denies all allegations that are inconsistent with the text of the rule. To the extent a further answer is required, Bath Concepts denies the allegations of paragraph 93.

94. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telemarketing calls and/or text messages to be initiated to Plaintiff and members of the TCPA Identification Class without including the telemarketer identification information required by 47 C.F.R. 64.1200(d)(4).

**ANSWER:** Bath Concepts denies the allegations of paragraph 94.

95. These violations were willful or knowing.

**ANSWER:** Bath Concepts denies the allegations of paragraph 95.

96. As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's telemarketer identification rule, Plaintiff and members of the TCPA Identification Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Bath Concepts denies the allegations of paragraph 96.

97. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Bath Concepts denies the allegations of paragraph 97.

### Count 3
### Violations of the WA CEMA and CPA, RCW 19.190.060 and RCW 19.86
### (On Behalf of Plaintiff and the Washington CEMA Class)

98. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Bath Concepts realleges and incorporates its answers to all other paragraphs of the Complaint as if fully set forth herein.

99. It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060.

**ANSWER:** Bath Concepts states that the allegations of paragraph 99 are legal conclusions

MBF\892275\0002\41183710.v1-7/30/25

to which no response is required.  Bath Concept further states that the cited statute speaks for itself and denies all allegations that are inconsistent with the text of the statute.  To the extent a further answer is required, Bath Concepts denies the allegations of paragraph 99.

100.    A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.,* 406 P.3d 1149, 1154-55 (Wash. 2017).

**ANSWER:**  Bath Concepts states that the allegations of paragraph 100 are legal conclusions to which no response is required.  Bath Concept further states that the cited statute speaks for itself and denies all allegations that are inconsistent with the text of the statute.  To the extent a further answer is required, Bath Concepts denies the allegations of paragraph 100.

101.    Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the WA CEMA by initiating or assisting in the transmission of multiple electronic commercial text message to telephone numbers assigned to Plaintiff and other Washington residents for cellular telephone or pager service.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 101.

102.    As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of CEMA's restrictions, Plaintiff and members of the Washington CEMA Class are each entitled to an injunction and $500 in damages for each such violation. RCW 19.190.040.

**ANSWER:**  Bath Concepts denies the allegations of paragraph 102.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed state a claim upon which relief can be granted from Bath Concepts.

2.    Plaintiff's claims are barred in whole or in part, because, upon information and belief, Plaintiff consented to receive calls and text messages from Northwest Bath Specialists, LLC, d/b/a Bath Planet of Seattle and never properly rescinded that consent.

3.    Plaintiff's claims are barred by the doctrine of unclean hands because, upon information and belief, Plaintiff used a false name associated with his phone number to consent to

23

receive calls and text messages from Northwest Bath Specialists, LLC, d/b/a Bath Planet of Seattle in an effort to gin up a cause of action for violation of the TCPA and the corresponding Washington state statute.

4.      Plaintiff's claims against Bath Concepts are barred in whole or in part because Plaintiff has not suffered a concrete injury caused by Bath Concepts and therefore does not have standing to sue Bath Concepts.

5.      Plaintiff's claims are barred by the applicable statute of limitations.

6.      Plaintiff's claims against Bath Concepts are barred because Bath Concepts has established and implemented reasonable practices to prevent violations of the TCPA.

7.      Plaintiff's claims are barred by the fact that Bath Concepts did not utilize an auto dialer to initiate any calls or text messages to Plaintiff.

8.      Plaintiff's claims are barred in whole or in part because allowing the full statutory damages available on a class basis would violate Bath Concepts due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

9.      Bath Concepts expressly reserves the right to assert additional affirmative defenses as may be appropriate as this case proceeds and additional facts are learned.

Dated August 1, 2025                                Respectfully submitted,


                                                    **MICHAEL BEST & FRIEDRICH LLP**

                                                    _/s/ Ashni B. Gandhi_____
                                                    Ashni B. Gandhi
                                                    Michael Best & Friedrich LLP
                                                    444 W. Lake Street, Suite 3200
                                                    Chicago, IL 60606
                                                    312-222-0080
                                                    Ashni.gandhi@michaelbest.com
                                                    **_Attorney for Defendant_**

24

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Defendant BCI Acrylic LLC's Answer to Plaintiff's Complaint** was served upon the following counsel of record via the Court's CM/ECF systems on the 1st day of August 2025.

/s/ *Ashni B. Gandhi*
Ashni B. Gandhi
*Attorney for Defendants*

MBF\892275\0002\41183710.v1-7/30/25