**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK HOFFMAN,** individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| *v.* | Case No. 25-cv-6107 |
| **BCI ACRYLIC, LLC D/B/A BATH PLANET** | Judge Lindsay C. Jenkins |
| **and** | |
| **NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE** | |
| *Defendants.* | |

**DEFENDANT NORTHWEST BATH SPECIALISTS, LLC
D/B/A BATH PLANET OF SEATTLE'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) OR ALTERNATIVELY
MOTION TO TRANSFER VENUE PURSUANT TO 28 USC §1404(a)**

Defendant, Northwest Bath Specialists, LLC d/b/a Bath Planet of Seattle ("NW Bath"),

submits this Opposed Motion to Dismiss Plaintiff's, Mark Hoffman's, Complaint, or alternatively,

Motion to Transfer Venue to the United States District Court for the Western District of

Washington. NW Bath states the following in support:

**INTRODUCTION**

Plaintiff filed this action against NW Bath on behalf of himself and a putative class,

alleging that NW Bath made unsolicited phone calls and sent text messages to the wireless

telephones of Plaintiff and members of the putative class in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), the Washington State Consumer Electronic

Mail Act, Wash Rev. Code § 19.190.060, *et seq.* (the "CEMA"), and the Washington State

Consumer Protection Act, Wash. Rev. Code § 19.86, *et seq.* This action should be dismissed from

1

the Northern District of Illinois or transferred to the Western District of Washington because the Northern District of Illinois has no appreciable interest in the case.

NW Bath primarily operates in Washington state, including the Eastern District of Washington. The events giving rise to this action occurred in Washington, the documents relevant to this action are located in Washington, and all material witnesses including Plaintiff reside there. Moreover, to the extent that a class is certified (which it should not be), it is likely that an overwhelming majority of the members of the class would be located in or near the Western District of Washington as well.

## STATEMENT OF FACTS

Plaintiff admits that he is a citizen and resident of Washington, with a residential mobile phone number that has an area code associated with the State of Washington—specifically Seattle, Washington.[1] (Compl. ¶¶ 19-21.) NW Bath is a limited liability company organized in and existing under the laws of the State of Washington with its principal place of business located in Washington, and its only member is a citizen of Washington. (Compl. ¶ 8; Exhibit A, Declaration, ¶ 3.) Approximately 92% of NW Bath's customers over the past five years were located in Washington and the remaining 8% in Idaho. (Decl. at ¶ 14.)

NW Bath does not conduct any business in Illinois. Additionally, NW Bath does not hold any licenses in Illinois, is not incorporated in Illinois, does not maintain a place of business in Illinois, and does not target any individuals in Illinois via its website for telemarketing. (Decl. ¶ 22.) NW Bath also does not own property, lease property, or have a bank account in Illinois. (Decl. ¶19.)

---

[1] This Court may take judicial notice of the geographic regions associated with areas codes alleged in Plaintiff's Complaint. *Garner v. Allstate Ins. Co.*, No. 20 C 4693, 2021 U.S. Dist. LEXIS 163121, at *3 n.2 (N.D. Ill. 2021) (taking judicial notice of Texas area codes alleged in plaintiffs' complaint).

## MOTION TO DISMISS STANDARD

A motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) "tests whether a federal court has personal jurisdiction over a defendant." *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015). When personal jurisdiction is challenged, the plaintiff bears the burden of establishing personal jurisdiction. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well-pled factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Kukoc v. Italiana*, No. 23-CV-00261, 2025 U.S. Dist. LEXIS 110762, at *4-5 (N.D. Ill. 2025). "The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When there is no dispute of material fact, and a court rules solely based on the submission of written materials, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). The court can, however, consider affidavits and other supporting materials and must resolve any conflicts in the affidavits and supporting materials in the plaintiff's favor. *Purdue Rsch. Found.*, 338 F.3d at 782-83.

Further, where the defendant "submits affidavits or other evidence in opposition, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (quoting *Purdue Research Found.*, 338 F.3d at 783). When ruling on a Rule 12(b)(2) motion, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). "The Illinois long-arm statute requires

nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *John Crane*, 891 F.3d at 692 (quoting *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017)). It is the plaintiff's burden to establish a *prima facie* showing of jurisdiction. *Id.*

## ARGUMENT

### I. THE COMPLAINT MUST BE DISMISSED PURUSANT TO RULE 12(b)(2) BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER NW BATH.

Hoffman has not, and cannot, sufficiently allege that NW Bath has the minimum contacts with Illinois necessary to subject it to personal jurisdiction in this Court. Hoffman's limited jurisdictional allegations rely entirely on a supposed franchise agreement between NW Bath and co-defendant that purportedly contains Illinois choice of law provisions. (Compl. ¶ 8.) Hoffman has not attached any such document to the complaint and, indeed, presupposes such a document exists with these phantom provisions. The Seventh Circuit has made clear that such allegations are insufficient to confer personal jurisdiction.

#### A. Personal Jurisdiction Over NW Bath is Inconsistent With Due Process.

In federal question cases, such as this one, a federal court has personal jurisdiction over a defendant when either federal law, or the law of the forum state, authorizes service of process to that defendant. *American Intercontinental University, Inc. v. American University*, No. 16 C 10669, 2017 U.S. Dist. LEXIS 128563, at *7 (N.D. Ill. 2017). Where, as here, the relevant federal statute—the TCPA—does not include a nationwide service of process provision, the court must follow Federal Rule of Civil Procedure 4(k), which limits a court's exercise of personal jurisdiction to persons who can be reached by the forum state's long-arm statute. *Rossetti v. Saban*, No. 23-3221, 2025 U.S. App. LEXIS 6776, at *5 (7th Cir. 2025); *be2 LLC v. Ivanov*, 642 F.3d 555, 558

(7th Cir. 2011); *Gharavi v. FloSports, Inc.*, No. 24-cv-1969, 2025 U.S. Dist. LEXIS 46885, at *16 (N.D. Ill. 2025). Because "the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause," the key inquiry is if the defendant "purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being hauled into court' there." *Tamburo v. Dworkin,* 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, (1985)).

     **B.**     **Plaintiff Cannot Establish General Jurisdiction Because NW Bath is Not "At Home" in Illinois.**

     Personal jurisdiction may be either general or specific. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball,* 751 F. 3d 796, 800 (7th Cir. 2014). General jurisdiction exists over a foreign corporation when its contacts with the forum state "are so continuous and systematic as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (*citing Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Under *Daimler*, general jurisdiction over a defendant limited liability company, such as NW Bath, cannot exist unless the entity is either incorporated in or has its principal place of business in the forum state.  571 U.S. at 137. NW Bath, as a Washington limited liability company that performs 92% of its business in Washington, is not "at home" in Illinois as required for general jurisdiction over a foreign corporation, because Illinois is not its state of incorporation nor the state of its principal place of business. (Decl. ¶ 4.)

     Hoffman alleges that NW Bath "is a franchisee of an Illinois-corporation, which such franchise agreement, upon information and belief, contains Illinois choices of law and forum." (Compl. ¶8.) Hoffman relies upon that baseless allegation to justify jurisdiction in this Court. Plaintiff's allegation, however, is false because NW Bath does not have any franchise agreement with BCI Acrylic. Rather, NW Bath has a dealership and licensing agreement, which is attached

hereto as Exhibit B. *See Steigmann v. Democratic Party of Ill.*, 406 F. Supp. 2d 975, 986 (N.D. Ill. 2005) ("[A] court may look to 'documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to the claim.'"). Moreover, even if NW Bath and BCI Acrylic did have a franchise agreement (which they do not), the franchise agreement is still not the appropriate mechanism to assert personal jurisdiction over NW Bath. *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1277 (7th Cir. 1997) ("[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts.").

In *GMAC Real Estate, LLC v. E. L. Cutler & Assocs.*, 472 F. Supp. 2d 960, 962 (N.D. Ill. 2006), defendant filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. *Id*. The plaintiff, having contacts with Illinois and Delaware, entered into a franchise agreement with the defendant, an Ohio-based company. *Id*. The *Cutler* court determined that the plaintiff had failed to establish that the defendant had any contact with Illinois in committing the wrongful acts alleged. The court further determined that there were not sufficient allegations that the defendant advertised in Illinois, that the defendant contacted Illinois residents, or that that defendant competed with the plaintiff in Illinois. *Id*. at 965-66. *Cutler* further found that although the defendant may have attended one franchise-related meeting in Illinois and may have sent and received referrals from the plaintiff's office in Illinois, this was insufficient to establish that defendant had minimum contacts with Illinois. *Id*. at 965.

This case is no different than *Cutler*. Plaintiff alleges that BCI Acrylic and NW Bath have a franchise agreement, yet Plaintiff is not alleging any specific wrongful acts concerning that purported franchise agreement. NW Bath has not made any sales in Illinois, NW Bath is not accused of contacting any potential customers in Illinois, and NW Bath is not competing with BCI Acrylic to perform sales in Illinois. Hoffman cannot plausibly allege that NW Bath's contacts "are

so constant and pervasive 'as to render [it] essentially at home.'" *Daimler*, 571 U.S. at 122. Similar to *Cutler*, this Court should find that NW Bath did not avail itself of Illinois.

> **C.** **Plaintiff Cannot Establish Specific Jurisdiction Because Plaintiff's Claims Do Not Arise Out of Activities that NW Bath Purposely Directed at Illinois.**

Specific jurisdiction can only be established if the defendant's "suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The relationship with the forum state must arise out of contacts that the "'defendant himself' creates with the forum." *Id*. (emphasis omitted). Specific jurisdiction in a tort case is proper only where (1) the defendant has purposefully directed its activities at the forum state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Tamburo*, 601 F.3d at 702. Exercising specific jurisdiction must also comport with traditional notions of fair play and substantial justice. *Id*. (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Further, "it is well established that mere purchases from a company in a particular state do not, in themselves, grant courts in that state general jurisdiction over the foreign purchaser." *Corus Int'l Trading Ltd. v. Eregli Demir ve Celik Fabrikalari, T.A.S.*, 765 F. Supp. 2d 1079, 1084 (N.D. Ill. 2011) (finding that the purchase of a small quantity of goods from a number of Illinois companies over a five-year period did not support a finding of general and specific jurisdiction).

Hoffman cannot establish that specific jurisdiction over NW Bath is appropriate. He does not allege that NW Bath's conduct targeted Illinois in any way. In fact, NW Bath does not: (1) have an office in Illinois; (2) own or lease any land, property, or equipment in Illinois; (3) hold any licenses or registration in Illinois; (4) have any bank accounts in Illinois; and (5) have any employees, consultants, salespeople, agents, or representatives who live or work in Illinois or who have traveled to Illinois on behalf of NW Bath.

NW Bath has not: (1) referred to Illinois or Chicago in any marketing; (2) run, or requested that an agency run on its behalf, an advertising or search campaign targeting users in Illinois or specifying connections to Illinois; (3) made any alterations to its technology based on Illinois-specific needs or objectives; (4) mailed or shipped anything to Illinois; (5) hosted or sponsored an event in Illinois; (6) installed any product in Illinois; or (7) provided any demonstrations in Illinois. (Decl. ¶¶ 14, 16, 17, 21-23.) Under such circumstances, courts reject personal jurisdiction. In *GMAC Real Estate, LLC*, the Northern District of Illinois granted dismissal for lack of personal jurisdiction on similar facts, and this Court should follow suit. 472 F. Supp. 2d at 966.

Should this Court not dismiss the Complaint for a lack of personal jurisdiction, it should alternatively grant Defendant's Motion to Transfer Venue, as discussed below.

## II.     IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF WESTERN WASHINGTON.

### A. Legal Standard to Transfer Venue

A district court may transfer a case to another, more appropriate district, even where venue is technically appropriate in the original forum. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The purpose of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Ballotti v. Oppenheimer Funds, Inc.*, No. 10 C 50116, 2011 U.S. Dist. LEXIS 175851, at *18 (N.D. Ill. 2011). By passing Section 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens. Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).

Section 1404(a) sets forth a three-part analysis for requests to transfer venue: (1) venue

must be proper in the transferor district; (2) venue and jurisdiction must be proper in the transferee district; and (3) transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). With regard to the third prong of the test, the relevant considerations to be weighed include both private interests affecting the particular parties and witnesses as well as public interests affecting the court and the administration of justice. *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998); *Georgouses v. Natec Ress, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Private factors include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to the sources of proof; and (4) the convenience to the witnesses and parties of litigation in the respective forums. *United Airlines*, 8 F. Supp. 2d at 798; *Georgouses*, 963 F. Supp. at 730 (citing *Symons Corp. v. S. Forming and Supply, Inc.*, 954 F. Supp. 184, 186 (N.D. Ill. 1997)). The public interest factors to be considered include: (1) the speed at which the case will proceed to trial; (2) the transferee court's familiarity with the applicable law; (3) the relation of the community to the occurrence at issue; and (4) the desirability of resolving controversies in the transferee court's locale. *Plotkin*, 168 F. Supp. 2d at 904. The Seventh Circuit has cautioned that weighing the "factors for and against [would] necessarily involve[] a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that the decision to grant a motion to transfer pursuant to Section 1404(a) is committed to the sound discretion of the Court, exercised on an "individualized, case-by-case consideration of convenience and fairness"). An analysis of these factors supports transferring this case to the District Court for the Western District of Washington.

**B.     This Case Should be Transferred to the District Court for the Western District of Washington.**

The convenience of the parties and witnesses and the interests of justice weigh heavily in favor of transfer. All of the factors support transfer to the Western District of Washington, and rather than proceed in a forum with little or no connection to this case, this action should be transferred to the district in which the events giving rise to the action occurred.

### 1.     Jurisdiction and Venue are Proper in the Western District of Washington and the Northern District of Illinois.

The threshold inquiry for a Section 1404(a) transfer motion is whether venue is appropriate in both the transferee and transferor districts. 28 U.S.C. § 1404(a); *see also Plotkin,* 168 F. Supp. 2d at 902 (citations omitted). Assuming, arguendo, that jurisdiction and venue are appropriate in the Northern District of Illinois. Venue is also proper—as well as more convenient and fair—in the Western District of Washington, where NW Bath and Plaintiff are located and the events giving rise to this action occurred, namely the alleged communications. See 28 U.S.C. § 1404(a).

### 2.     The Balance of the Interests of Convenience and Justice Strongly Favors Transferring this Action to the Western District of Washington.

#### a)     *Plaintiff's Choice of Forum Should Be Given Little, if Any, Deference.*

While it is true that some courts accord deference to the plaintiff's choice of forum, "the status of that presumption is unclear in this district." *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 CV 5484, 2006 U.S. Dist. LEXIS 39952, at *5 (N.D. Ill. 2006) (citing *Petersen v. Union Pac. R. Co.*, Nos. 04 C 5918, 04 C 5949, 04 C 6032, 05 C 6263, 2006 U.S. Dist. LEXIS 25061, at *2 (N.D. Ill. 2006)). Moreover, even if plaintiff's choice of forum was entitled to any deference in the abstract, that presumption would be inapplicable here for two reasons. First, plaintiff's "choice of forum is afforded less deference . . . when another forum has a stronger

relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *O'Donovan v. W. Health Care Corp.*, No. 10 C 5186, 2011 U.S. Dist. LEXIS 23859, at *2 (N.D. Ill. 2011) (citations omitted); *see also St. Paul Fire*, 2006 U.S. Dist. LEXIS 39952, at *6 (holding that plaintiff's choice of forum is not awarded deference where the "cause of action did not conclusively arise in the chosen forum") (citing *Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999)).

Second, Plaintiff filed this action not only for himself but on behalf of a class—and a class whose members predominantly hail from Washington. (Decl. at ¶ 26.) "[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted); *Nero v. Am. Family Mut. Ins. Co.*, No. 11 C 1072, 2011 U.S. Dist. LEXIS 78104, at *5-6 (N.D. Ill. 2011) (citing *Boyd*, 44 F. Supp. 2d at 969-70 (citation omitted); *Klutho v. 21st Century Ins. Co.*, No. 07 C 4111, 2007 U.S. Dist. LEXIS 86947, at *5 (N.D. Ill. 2007) ("In the context of class actions, courts may also take into consideration the residence of the putative class members.")). Accordingly, Plaintiff's choice of forum should receive no special deference.

> b) **All Material Events Relevant to this Action Occurred in Washington.**

Courts consistently consider the situs of material events when weighing the private interests of the parties in a transfer analysis under Section 1404(a). Material events are those that give rise to the cause of action. *Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, No. 03 C 6491, 2004 U.S. Dis. LEXIS 6195, at *11 (N.D. Ill. 2004) (citing *Dunn v. Soo Line R.R.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994)). In other words, for purposes of a venue analysis, the situs of material events is the location where the defendant's decisions and activities took place which give rise to the plaintiff's claim. *See Biomet, Inc.*, at *12 (citing *Santa's Best Craft, LLC v. Janning*, 2003 U.S.

Dist. LEXIS 11042, at *9 (N.D. Ill. 2003) (holding that district where defendant was located and wrote commercially defamatory letters was "the central situs of material events").

Plaintiff alleges that NW Bath, in an effort to market products and services, sent or directed to be sent unsolicited text messages to the wireless phone numbers of Plaintiff and a putative class in violation of the TCPA. (Compl. at ¶ 3.) Any text messages sent from NW Bath are sent to Plaintiff or any putative class members were sent from its Washington state office. (Decl. at ¶ 17.) The significant majority of NW Bath's customers—approximately 90% of them over the past three years—are located in Washington State. (*Id.* at ¶ 14.) The only connection that this District has with this case is the fact that one of the co-defendants is located here. All material events leading to Plaintiff's claims occurred in Washington, and accordingly, this action should be transferred there.

### c) *The Relevant Sources of Proofs in this Case are Easily Accessible from Washington.*

TCPA claims—and particularly those that include claims on behalf of a putative class—naturally focus on the activities of the alleged sender of the text message, and thus require an examination of the defendant's employees, documents, systems, and similar evidence. In this case, NW Bath and all of the essential witnesses and documents and other tangible evidence relating to the alleged text messages are located in Washington. All records relating to text messages sent to Plaintiff and any putative class members, and the system used to send those texts, are in the Western District of Washington. The transfer of all of NW Bath's relevant proofs to Illinois would impose an unnecessary burden and expense on NW Bath. Moreover, Plaintiff admits that he is a citizen and resident of Washington. Based upon the area code provided in the complaint, Plaintiff is likely a resident of the Western District of Washington. The relative ease of access to proofs factor weighs in favor of transferring this action to the Western District of Washington.

### d) *Washington is more Convenient for NW Bath and the Majority of Witnesses in this Action*

Section 1404(a) itself specifically identifies "the convenience of parties and witnesses" as a determinant of whether to transfer venue. A party moving for transfer should identify the witnesses and their anticipated subjects of testimony. *Camarena v. Vanderbilt Mortg. & Fin., Inc.*, No. 15 C 00656, 2015 U.S. Dist. LEXIS 85436, at *6 (N.D. Ill. 2015) (granting motion to transfer venue in a TCPA action). As discussed above, NW Bath is located in the Western District of Washington. So too are its personnel, including those likely to have direct knowledge of any text messages sent to Plaintiff and others, as well as NW Bath's policies and procedures relating to the issues in this case. (Decl. at ¶¶ 15-17). Although NW Bath's investigation into this matter is continuing, and because at this stage of litigation NW Bath cannot anticipate all arguments Plaintiff may assert or evidence that it may present, NW Bath anticipates calling witnesses to testify regarding: (a) the facts and circumstances regarding the text messages allegedly sent to Plaintiff; (b) the facts and circumstances regarding Plaintiffs' communication with NW Bath and of him providing his phone number to it; (c) NW Bath's practices in sending text messages to potential customers; (d) NW Bath's system used to send text messages; and (e) NW Bath's books and records. Given the fact that all of NW Bath's personnel and Plaintiff are located in Washington, the Western District of Washington is ideally suited to hear this case.

If the case continues to be litigated and goes to trial in Chicago, all of these witnesses, whose testimony would cover NW Bath's relevant practices, would have to incur travel expenses, which are a "central measure of [in]convenience." *Camarena,* 2015 U.S. Dist. LEXIS 85436, at *6 (quoting *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 962 (N.D. Ill. 2013)). The Western District of Washington is more convenient for NW Bath. This factor strongly favors transfer of the action.

### e) Transfer to the Western District of Washington will Promote Judicial Economy.

The relevant docket congestion of the competing forums is relevant to the Court's decision on whether to transfer. *See, e.g.*, *Camarena*, 2015 U.S. Dist. LEXIS 85436, at *10-11. The Western District of Washington is less congested than the Northern District of Illinois and cases in the Western District of Washington proceed to trial more quickly. For the period ended March 31, 2025 (the most recent period for which statistics are available), there were on average 704 actions filed per judge in the Northern District of Illinois. (Statistics are drawn from the Federal Court Management Statistics website, http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.) In the Western District of Washington, the figure for the same time period was 555. The median time to trial for civil cases was 58.6 months for the Northern District of Illinois and 25 months for the Western District of Washington. On balance, this factor favors transfer.

### f) The Districts are Equally Familiar with TCPA Law and Plaintiff Alleges Violations of Washington Statutes.

The court's familiarity with the applicable law weighs heavily in favor of the Western District of Washington. Plaintiff's case includes one claim based on the TCPA, and all federal courts are presumed equally capable and experienced with respect to matters of federal law. *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1055 (N.D. Ill. 2012). Because both forums are equally familiar with the TCPA, Plaintiffs would not be prejudiced if this matter were transferred to the Western District of Washington. Yet, the Complaint also includes *two* counts under Washington state law. *Czarnowski Display Servs. v. Bell*, No. 03 C 5782, 2004 U.S. Dist. LEXIS 13441, at *33 (N.D. Ill. 2004). Thus, the Western District of Washington would be better suited to handle the Washington statute claims.

14

g)     **The Western District of Washington is the Forum with the Greater Interest in the Instant Litigation and Resolution of this Claim.**

The local community in the Western District of Washington is the one that has the real connection to this dispute, not Illinois. This case concerns the purportedly unlawful behavior of a Washington company, filed by a Washington-domiciled Plaintiff, in which the conduct at issue all took place in Washington. In *Camarena*, this Court granted a motion to transfer venue in a TCPA action and held that, with regard to this factor, the "material events occurred in that state, in the sense that the automated calls were planned and originated there. Thus, [the transferee state] has the greater interest in resolving this controversy and the more meaningful relationship with it." 2015 U.S. Dist. LEXIS 85436, at *13.

Washington has a greater interest than Illinois, whose only connection to the action is that it is the current domicile of the BCI. That additional class members may be located in Illinois is insufficient to prevent transfer—a highly speculative factor at this stage of the proceedings, particularly in light of the fact that the overwhelming majority of putative class members are likely to be located in Washington. Accordingly, this factor supports transfer of the action.

## CONCLUSION

Of the factors considered by courts in the Northern District of Illinois that are relevant to the question of where to try this case, the clear majority favor transferring this case to the Western District of Washington. No factors clearly weigh in favor of trying the case in the Northern District of Illinois. Although the decision regarding whether to transfer is entrusted to the discretion of the Court, the factors bearing on this issue overwhelmingly favor transfer. In the interest of justice and the convenience of the parties and witnesses, Defendant NW Bath respectfully requests that the court grant its motion and transfer this action to the Western District of Washington.

DATED: August 1, 2025                    Respectfully submitted,

**NORTHWEST BATH SPECIALISTS,
LLC D/B/A BATH PLANET OF
SEATTLE**
*Defendant*

By: /s/   *Nicholas Gowen*
One of Its Attorneys

Nicholas A. Gowen (ARDC No. 6280123)
Christopher Sullivan (ARDC No. 6314101)
Alexandra L. Rogers (ARDC No. 6339597)
**BURKE, WARREN, MACKAY & SERRITELLA, P.C.**
330 N. Wabash Avenue, Suite 2100
Chicago, IL  60611-3607
Telephone:  (312) 840-7000
Facsimile:  (312) 840-7900
ngowen@burkelaw.com
csullivan@burkelaw.com
arogers@burkelaw.com