IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HOFFMAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**BCI ACRYLIC, LLC D/B/A BATH PLANET**<br><br>**and**<br><br>**NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE**<br><br>*Defendants.* | Case No. 25-cv-6107<br><br>Judge Lindsay C. Jenkins |

**NORTHWEST BATH SPECIALISTS, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO RULE 12(b)(2) OR ALTERNATIVELY
MOTION TO TRANSFER VENUE PURSUANT TO 28 USC §1404(a)**

Nicholas A. Gowen (ARDC No. 6280123)
Christopher Sullivan (ARDC No. 6314101)
Alexandra L. Rogers (ARDC No. 6339597)
**BURKE, WARREN, MAcKAY & SERRITELLA, P.C.**
330 N. Wabash Avenue, Suite 2100
Chicago, IL  60611-3607
Telephone: (312) 840-7000 / Facsimile: (312) 840-7900
ngowen@burkelaw.com
csullivan@burkelaw.com
arogers@burkelaw.com

1

Plaintiff's Response fails to rebut NW Bath's argument that this Court lacks personal jurisdiction over it. Plaintiff's reliance on the Dealership Agreement as his sole basis that this Court has jurisdiction over NW Bath demonstrates that no such jurisdiction exists. Plaintiff's Response makes clear that his only hope to tie NW Bath to this Court's jurisdiction is based upon the Dealership Agreement between BCI and NW Bath, for which the litigation does not arise. The relationship between BCI and NW Bath does not confer jurisdiction in this Court. The Dealership Agreement speaks for itself:

> **3. RELATIONSHIP BETWEEN PARTIES - NOT AGENTS OR REPRESENTATIVES OF SELLER**
>
> The relationship between the parties shall be that of a buyer and a seller of Bath Planet Products. The Dealer shall not be considered the agent or representative of the Company. Neither party shall have the right to bind the other contractually in any respect whatsoever.

[Doc. 19-2 ¶3.]

Nowhere in its terms does it mirror Plaintiff's unsupported claims that "Bath Planet retains control over marking conducted in its own name." [Resp. at 3]. Moreover, co-defendant BCI denies that it is a franchisor and that NW Bath is a franchise. [Dkt. No. 18 ¶5]. Thus, Plaintiff's attempt to confer jurisdiction in this Court fails. Plaintiff is a citizen of Washington. Plaintiff's personal telephone number has a Seattle area code – and Plaintiff does not dispute that Plaintiff lives in Seattle. NW Bath's primary business operations are in Washington. The alleged conduct occurred in Washington. NW Bath is not licensed to do business in Illinois, and does not conduct business – nor market to customers – in Illinois. No less than 92% of NW Bath's customers are located in Washington, with the other 8% being located in Idaho. Plaintiff does not, and cannot, establish that NW Bath has any connections with Illinois that warrant this Court exercising personal jurisdiction over it. Thus, Plaintiff's argument that it would be "more burdensome" to litigate in Washington is false. This Court should grant NW Bath's motion to dismiss, or in the

2

alternative, transfer this matter to the U.S. District Court for the Western District of Washington.

## ARGUMENT

**I.     This Court Cannot Exercise Specific Personal Jurisdiction Over NW Bath Because NW Bath has not Consented to Personal Jurisdiction in the Northern District of Illinois and the Illinois Long-Arm Statute has not Been Satisfied.**

**A.     NW Bath has not Consented to this Court's Jurisdiction.**

This Court does not have jurisdiction over NW Bath because Plaintiff cannot sufficiently allege that NW Bath has the minimum contacts with Illinois necessary to subject it to the personal jurisdiction in this Court. Plaintiff argues that the Court can exercise specific personal jurisdiction because NW Bath purportedly consented to the terms of the Dealership Agreement, which provides an Illinois choice of law provision. [Resp. 5.]. Plaintiff is incorrect. The choice of law provision in the Dealership Agreement is limited and only pertains to disputes that arise between BCI and NW Bath. Plaintiff's claims are separate, thus there is no choice of law provision that governs jurisdiction for Plaintiff's claim before the Court.

Plaintiff attempts to force NW Bath to litigate this matter in the Northern District of Illinois because NW Bath has a contract with its co-defendant. The Dealership Agreement, however, is an inappropriate mechanism to create personal jurisdiction over NW Bath. *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1277 (7th Cir. 1997) ("[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts."). In *RAR*, the defendant Turner Diesel, a Scottish corporation had a long running relationship with the Illinois-headquartered plaintiff, RAR, Inc. *Id*. at 1275. During the course of the relationship Turner made more than 100 requests for price quotes and purchased multiple engine parts from RAR. *Id*. The price requests often entailed defendant sending sales representatives to meet with the plaintiff in Illinois. *Id.* This led to more than twenty separate contracts between plaintiff and defendant in which the plaintiff would often send the parts from Illinois to the defendant. *Id.* During the course of their relationship,

3

Turner Diesel negotiated an oral agreement in which it would ship various products from Scotland back to the United States. *Id.* While in shipment, an engine broke loose causing the truck that was carrying it to flip over in Ohio. The plaintiff sued the defendant for breach of contract in Illinois state court. *Id.* After removing to federal court, the District Court granted the plaintiff's motion to dismiss on jurisdictional grounds. *Id.* In affirming the District Court's dismissal, the Seventh Circuit acknowledged that "RAR's suit is, in a certain sense, related to Turner's contacts with Illinois, if only because Turner would never have come to handle the engines in Scotland had it not previously dealt with RAR in Illinois." *Id*. at 1277. Yet, in upholding dismissal the Court explained that "[w]e do not think, however, that using such a loose casual connection between a suit and a defendant's forum contacts as the basis for personal jurisdiction comports with fair play and substantial justice." More pointedly 'specific jurisdiction is not appropriate 'merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.'" *Id. quoting Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). Just as in the instant matter, the Complaint and ensuing briefing alleges no facts linking NW Bath and BCI beyond a supplier relationship and no connection between the lawsuit at issue and the Agreement.

Plaintiff relies upon *Mohamed v. Chicago Title Ins. Co*., No. 10-C-753, 2012 U.S. Dist. LEXIS 149259, at *8 (E.D. WI. Oct. 17, 2012), and *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt*., 364 F.3d 884, 889 (7th Cir. 2004) to support its argument that there exists a basis to exercise personal jurisdiction if the dispute is closely related to the agreement containing that clause. [Resp. 5] Both cases are inapplicable here because the dispute is wholly unrelated to the activities governed by the Distribution Agreement. In *Am. Patriot Ins.,* the plaintiff was a party to a shareholder agreement that contained a forum selection clause with an affiliate of the corporate

4923-5130-5061.v1

defendant. *Id.* at 886. The defendant, not a signatory to the shareholder agreement, sought to bind the plaintiff to the forum selection clause. *Id.* The Seventh Circuit held that the plaintiff could not defeat the forum selection clause, for which he was otherwise bound, by "suing an affiliate or affiliates of the party to the contract in which the clause appears, or employees of the affiliates." *Id.* at 889. (citations omitted). In *Mohamed*, the plaintiff filed suit against the defendant to recover payment of a loan under the terms of the agreement and note. 2012 U.S. Dist. LEXIS 149259, at *8 (applying Wisconsin law). Neither of these cases apply to the facts in this case.

    **B.**  **The Requirements of the Illinois Long Arm Statute have not Been Satisfied**

This Court cannot exercise personal jurisdiction over NW Bath because it has no minimum contacts in Illinois. NW Bath does not do business in Illinois, and is not accused of contacting potential customers in Illinois. Plaintiff cannot plausibly allege that NW Bath's contacts "are so constant and pervasive 'as to render [it] essentially at home.'" *Daimler AG* v. Bauman 571 U.S. 117, 122. Plaintiff argues that the Dealership Agreement establishes personal jurisdiction. Plaintiff's assertion is incorrect because the Dealership Agreement has no connection to NW Bath's alleged acts that supposedly impacted Plaintiff. Plaintiff is not a party to the Dealership Agreement, and does not allege any breach of the agreement. Plaintiff cites no case that supports his proposition. Rather, Plaintiff relies upon cases that are inapplicable. *See, e.g.*, *Midas Int'l Corp. v. Willard Enters., Inc.*, No. 92 C 03180, 1993 U.S. Dist. LEXIS 3814, at *1 (N.D. Ill. Mar. 25, 1993), *O'Hare Int'l Bank v. Hampton*, 437 F.2d 1173, 1174 (7th Cir. 1971), and *Bab Sys. v. UNK, Inc.*, No. 02 C 8797, 2002 U.S. Dist. LEXIS 24476, at *2 (N.D. Ill. Dec. 18, 2002). Each of these cases established jurisdiction in Illinois based upon the existence of an agreement that was at the core of allegations. In *Midas,* the dispute involved a breach of contract between the parties. 1993 U.S. Dist. LEXIS 3814, at *2. The dispute in *O'Hare Int'l Bank*, concerned the defendant's refusal to perform under certain agreements. 437 F.2d at 1174. In *Bab*, the plaintiff accused the defendant

of breaching a contract and trademark infringement. 2002 U.S. Dist. LEXIS 24476, at *1. In each case, the plaintiff enjoyed a contractual relationship with the defendant, as opposed to this case whereby Plaintiff's allegations are unrelated to the existence of a purported contract.

Specific jurisdiction is appropriate when the defendant purposefully directs its activities at the forum and the alleged injury arises out of those activities. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Plaintiff's TCPA claim is considered an intentional tort for jurisdictional purposes, and the Seventh Circuit has articulated three requirements to establish purposeful direction: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt — that is, the plaintiff would be injured — in the forum state." *Woodward v. Humana Inc*., No. 23-cv-00979, 2024 U.S. Dist. LEXIS 57763, at *5 (N.D. Ill. March 29, 2024) (Coleman, J.) (*quoting Tamburo*, 601 F.3d. at 703). Plaintiff alleges no intentional conduct that is expressly aimed at Illinois. Additionally, the allegations do not establish that NW Bath's actions were so significant that it could reasonably anticipate a lawsuit being filed against it in Illinois. *Id.* at 700-01.

Plaintiff has not, and cannot, sufficiently allege that NW Bath has minimum contacts with Illinois necessary to subject it to personal jurisdiction in this Court. Plaintiff's limited jurisdictional allegations rely entirely upon the Dealership Agreement between NW Bath and co-defendant that contains Illinois choice of law provisions.

## II. In the Alternative, the Court Should Transfer this Case to the U.S. District Court for the Western District of Washington

In the alternative, the Court should transfer venue to the U.S. District Court for the Western District of Washington because the convenience of the parties and witnesses and the interests of justice weigh heavily in favor of transfer. [Motion at 10.] Plaintiff opposes this position for two reasons, both of which are unavailing. *First*, Plaintiff argues that the Motion to Transfer is

6

premature and requires more "fulsome briefing" and disingenuously relies upon *RM Petroleum, Inc. v. LA Oasis, Inc.,* No. 03 C 3358, 2004 U.S. Dist. LEXIS 1822, at *1 (N.D. Ill. Feb. 3, 2004) (Norgle, J.) for support. *RM Petroleum* is inapplicable. The *RM Petroleum* court did not consider the defendant's motion to transfer venue because no party had addressed the transfer of venue issues in light of the factors contemplated in 28 U.S.C. 1404(a). [*Id*. at fn.1] In contrast, NW Bath analyzed the necessary factors to support the conclusion that in the alternative, if this Court does not dismiss due to lack of jurisdiction then it should transfer venue. *Second*, Plaintiff argues that there is no balance of inconvenience favoring transfer and that it is convenient for the parties and witnesses to be in Illinois. Plaintiff disregards the facts alleged in his Complaint as well as the facts established in the affidavit NW Bath filed in support of its Motion. NW Bath is a Washington company that does no business in Illinois. [Dkt. 19-1 ¶17] Plaintiff is a citizen of Washington. There are no witnesses in Illinois.

Plaintiff's argument does not defeat NW Bath's argument that venue is proper in the Western District of Washington. Plaintiff's "choice of forum is afforded less deference … when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of the material events." *O'Donovan v. W. Health Care Corp.*, No. 10 C 5186, 2011 U.S. Dist. LEXIS 23859, at *2 (N.D. Ill. March 4, 2011) (Kennelly, J.) (citations omitted); *see also St. Paul Fire*, No. 05 C 5484, 2006 U.S. Dist. LEXIS 39952, at *6 (N.D. Ill. June 1, 2006) (Gottschall, J.) (holding that plaintiff's choice of forum is not awarded deference where the "cause of action did not conclusively arise in the chosen forum") (citing *Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999)). The only factor that Plaintiff relies upon to request that the case remain in this District is that BCI and NW Bath entered a Dealership Agreement containing an Illinois choice of law

4923-5130-5061.v1

provision.

Plaintiff's reliance on the Dealership Agreement is flawed. Section Four of the Dealership Agreement provides that "[NW Bath] agrees to confine sales and selling efforts to the Territory set forth in this agreement… as set forth in Exhibit A." Notably, Exhibit A of the Dealership Agreement provides that NW Bath can only sell products in and around Washington. This term is further corroborated by the Affidavit of Charles Hartshorn which provides that any text messages sent by NW Bath from its Washington office, [Decl. at ¶ 17.] and more than 90% of NW Bath's customers are located in Washington. [*Id*. at ¶ 14.] If the case is not dismissed, the Court should transfer it to the Western District of Washington. All material events leading to Plaintiff's claims occurred in Washington. Plaintiff, and the majority of the purported class members, would hail from Washington. (*Id*. at ¶ 26.).

**III.     The Court Should Deny Plaintiff's Request for Jurisdictional Discovery**

For jurisdictional discovery to be proper, the plaintiff must establish a colorable or prima facia showing of personal jurisdiction. *Cent. States, Se. & SW. Area Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000). "In sum, the Court must consider whether Plaintiff 'has met its burden of demonstrating the existence of general personal jurisdiction, or, alternatively, has established a prima facia case for personal jurisdiction, such that it should [be] allowed to conduct discovery.'" *JT's Frames, Inc. v. Casares*, No. 16-CV-2504, 2018 U.S. Dist. LEXIS 23565, at *8 (N.D. Ill. Feb 13, 2018) (Dow, J.) (internal citation omitted.) Plaintiff has made no such showing.

As an initial matter, Plaintiff does not make any claim that general jurisdiction exists. Plaintiff limits his arguments in both the Complaint and ensuing briefing to arguing that "[t]his Court has specific jurisdiction over Bath Planet Seattle because it is a franchisee of an Illinois-

8

corporation." [Comp. at ¶8] Accordingly, Plaintiff has waived any arguments that this Court has general jurisdiction over NW Bath. *See John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC,* No. 16-CV-05918, 2017 U.S. Dist. LEXIS 41840 at *39 (N.D. Ill. Mar. 23, 2017) (St. Eve, J.) (Plaintiff waived general jurisdiction claim by failing to respond to defendant's argument). Next, as discussed above, no such *prima facia* showing of personal jurisdiction exists. Plaintiff does not show how the NW Bath directed its suit related conduct towards Illinois and fails to demonstrate how exercising personal jurisdiction over NW Bath in the present case comports with fair play and substantial justice.

Finally, when jurisdictional discovery would prove futile, plaintiffs' request for jurisdictional discovery should be denied. *See Chopra v. Naik,* No. 16-CV-10262, 2017 WL 4339804, at *5 (N.D. Ill. Sept. 30, 2017). Discovery is futile when it would not aid in its decision (see *id.*) or when the lack of personal jurisdiction is clear already. *See John Crane Inc. v. Simon Greenstine Panatier Bartlett, APC*, U.S. Dist. LEXIS 41840, at *40 ("When the lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted." (internal citation omitted). Here, discovery is futile because: (1) the alleged injury occurred in Washington and not Illinois and (2) both defendant NW Bath, plaintiff and the overwhelming majority of any supposed class are in Washington and not Illinois.

Further discovery is unnecessary. NW Bath has provided an affidavit establishing that it does not conduct any marketing, events, or send mailers with the goal of selling products in Illinois, or provide demonstrations in Illinois. NW Bath has not made references to Chicago or Illinois in its marketing, nor targeted any potential clients in Illinois. Moreover, all of NW Bath's marketing programs are operated by employees based in its office in Spokane Valley, Washington. [Ex. B. Decl. 18, 23-24.] Plaintiff has failed to establish a colorable or *prima facie* showing of personal

9

jurisdiction that would justify discovery being permitted. This Court should deny Plaintiff's request for jurisdictional discovery.

## CONCLUSION

For the reasons set forth in its Motion and above, Defendant NW Bath respectfully requests that the Court dismiss the Complaint, or in the alternative, transfer this action to the U.S. District Court for the Western District of Washington and grant any further action that the Court deems just and proper.

DATED: September 2, 2025

Respectfully submitted,
**NORTHWEST BATH SPECIALISTS, LLC D/B/A BATH PLANET OF SEATTLE**
*Defendant*

By: /s/  *Nicholas A. Gowen*
    One of Its Attorneys

Nicholas A. Gowen (ARDC No. 6280123)
Christopher Sullivan (ARDC No. 6314101)
Alexandra L. Rogers (ARDC No. 6339597)
**BURKE, WARREN, MAcKAY & SERRITELLA, P.C.**
330 N. Wabash Avenue, Suite 2100
Chicago, IL  60611-3607
Telephone: (312) 840-7000 / Facsimile: (312) 840-7900
ngowen@burkelaw.com
csullivan@burkelaw.com
arogers@burkelaw.com

4923-5130-5061.v1